**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 07 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO RUBEN MURILLO-VASQUEZ, AKA Armando R. Murillo, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 09-70098 <br><br> Agency No. A078-462-058 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 2, 2009[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Alien Armando Ruben Murillo-Vasquez petitions from the Board of

Immigration Appeals's ("BIA") decision denying his motion to reopen removal

proceedings. We review the BIA's denial of a motion to reopen for abuse of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion and will reverse only if its decision is "arbitrary, irrational, or contrary to law." Singh v. INS, 295 F.3d 1037, 1039 (9th Cir. 2002). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We deny Murillo's petition for review.

The facts of this case are known to the parties. We do not repeat them.

The BIA did not abuse its discretion by denying Murillo's motion to reopen or by declining to remand for consideration of his asylum application. Murillo bases his motion to reopen on an ineffective assistance of counsel claim. To prove ineffective assistance of counsel, an alien must show "(1) that counsel's performance was deficient, and (2) that counsel's deficiency caused prejudice." Nehad v. Mukasey, 535 F.3d 962, 967 (9th Cir. 2008). Prejudice occurs when "counsel's performance is so inadequate that it may have affected the outcome of the proceedings." Id. No deficiency that Murillo alleges could have affected the outcome of his proceedings.

An alien seeking asylum must file his or her application "within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Murillo does not dispute the fact that he lived in the United States for at least seven years before the initiation of his removal proceedings. Murillo also presents no facts to meet any exception to the above requirement.

**DENIED.**